J-S33044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JASON ERIC KUHNS | |
| Appellant | No. 1909 WDA 2015 |

Appeal from the PCRA Order December 1, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005268-2011

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD, J.[*]

DISSENTING STATEMENT BY FITZGERALD, J.:      **FILED JULY 29, 2016**

I believe that an evidentiary hearing was necessary to consider Appellant's Post Conviction Relief Act[1] ("PCRA") petition. Appellant claimed trial counsel's ineffectiveness for failing to seek suppression of his statements and asserted that he (1) did not receive **_Miranda_**[2] warnings, (2) signed a **_Miranda_** waiver form without being apprised of his rights, and (3) requested trial counsel to seek suppression on this basis, but counsel refused. He noted he did not initial the **_Miranda_** waiver form beside each warning, which was inconsistent with the interrogating detective's trial testimony about her general practices. The PCRA court ultimately dismissed

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **_Miranda v. Arizona_**, 384 U.S. 436 (1966).

Appellant's petition without a hearing. The court noted the detective testified at trial that she apprised Appellant of his **Miranda** rights. The court found Appellant's assertion that he did not receive **Miranda** warnings was not credible and self-serving when contrasted with the detective's trial testimony.

A review of the record confirms that the interrogating detective testified that she read Appellant his **Miranda** rights and transcribed his answers on the form. Trial counsel, through cross-examination of the detective, contested the voluntariness of Appellant's inculpatory statements. However, counsel's cross-examination focused on the detective's training in interrogation techniques, the length of the interrogation, and Appellant's substance abuse history.[3] Counsel did not contest the threshold issue of Appellant's waiver of his **Miranda** rights. Moreover, Appellant elected not to testify at trial.

In my view, Appellant's petition raised genuine issues of fact that required credibility determinations from the PCRA court. I further believe that the court's attempt at credibility determinations were premature because the issue of whether Appellant was apprised of and waived his **Miranda** rights was not developed at trial. Therefore, I would remand for an evidentiary hearing. **See** Pa.R.Crim.P. 907(1).

---

[3] The trial court also issued an instruction to the jury to determine the voluntariness of Appellant's inculpatory statement.

Thus, I respectfully dissent.